UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | CHAPTER 11 |
| INGRAM BROTHERS, LLC | ) | |
| | ) | CASE NO. 11-10018 |
| Debtor | ) | |
| | ) | |

**MOTION TO ENTER INTERIM ORDER (A) APPROVING POST-PETITION FACTORING AGREEMENT AND FUEL LINE AGREEMENT, (B) GRANTING SECURITY INTEREST AND SUPER PRIORITY ADMINISTRATIVE EXPENSE TREATMENT AND (C) MODIFYING AUTOMATIC STAY**

\*\* \*\* \*\*

Comes now the Debtor, Ingram Brothers, LLC. ("Ingram Brothers" and/or the "Debtor"), by and through counsel, and hereby requests the Court enter an Order pursuant to 11 U.S.C. §364, (A) Approving a Post-petition Factoring Agreement and Fuel Line Agreement, (B) Granting Security Interest And Super Priority Administrative Expense Treatment and (C) Modifying the Automatic Stay. In support of this motion, the Debtor states as follows:

**Background**

1. On January 6, 2011 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §101, *et seq*. The Debtor continues to manage its property and operate its business as the Debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtor, Ingram Brothers, LLC, was formed in 2003 as a family owned and managed transportation carrier. The Debtor primarily services clients in the central United States with a percentage of lanes/deliveries extending internationally into Canada and Mexico. The

debtor is a "for hire" status carrier and has carrier authority through the US Department of transportation. The Debtor also has a Haz-Mat certificate.

3. Ingram Brothers employs approximately 65 people in various job functions including truck drivers, dispatchers, mechanics, clerical, supervisory and management. The Ingram Brothers fleet includes approximately 75 tractors, 100 vans, 40 flat beds, 17 dump trailers and four reefers. The primary industries served by the Debtor include aluminum and steel coil manufacturers; automotive tire manufacturers; aluminum recyclers and smelters; agricultural related (woodchips); gas logs and fireplace manufacturing; and mining and mineral products.

4. Pre-petition, the Debtor and the Secured Party, Transportation Alliance Bank Inc. were parties to an Accounts Receivable Purchase and Security Agreement dated June 26, 2008 pursuant to which the Debtor sold its accounts to the Secured Party and were also parties to a Fuel Line Agreement dated September 18, 2008 pursuant to which the Security Party made advances to the Debtor to enable the Debtor to purchase fuel and other products.

5. The Debtor assigned its accounts to the Secured Party under the prepetition agreement. The Secured Party has agreed to continue to purchase the accounts of the Debtor post-petition so that the debtor will have working capital in order to achieve its reorganization.

6. The Debtor, notwithstanding its efforts to do so, is unable to obtain unsecured credit allowable under 11 U.S.C. Section 503(b)(1) as an administrative expense, or other than pursuant to 11 U.S.C. Section 364(c)(2) and (3), and the Debtor is unable to obtain credit on terms equal to or more favorable than those proposed by Secured Party.

7. Secured Party has agreed to consider providing working capital to the Debtor in accordance with the Pre-Petition Agreement in good faith, within the meaning of 11 U.S.C. Section 364(e).

8. Good cause exists for approval of the Debtor's agreement to the financing by Secured Party under the terms of the Pre-Petition Agreement, and the entry of the proposed Order will minimize disruption of the Debtor as a "going concern" and is in the best interest of the Debtor, its creditors, and its estate. The terms upon which the Debtor is authorized to utilize cash advances are fair under the circumstances.

9. The Pre-Petition Agreement with Secured Party provides a vital source of working capital for the Debtor, is in the best interests of the Debtor and its estate, and is necessary to avoid immediate and irreparable harm.

## **Relief Requested**

10. The Debtor requests that the Court enter the proposed Interim Order Approving Post-Petition Factoring Agreement and Fuel Line Agreement, Granting Security Interest and Superpriority Administrative Expense Treatment and Modifying Automatic Stay which has been agreed to as between the Debtor and the Secured Party and which has been tendered of even date herewith.

11. No trustee, examiner or creditors committee has yet been appointed in this case. Notice of this motion will be given to all secured creditors of the Debtor and the Debtor's 20 largest unsecured creditors. Because of the circumstances and the potential irreparable harm to the Debtor's business, Debtor submits that no other notice need be given.

WHERFORE, Debtor respectfully requests entry of an Order authorizing the relief requested herein and granting the Debtor such other and further relief as is just and appropriate under the circumstances.

Electronically filed this day, January 6, 2011.

> HARNED BACHERT & MCGEHEE PSC
> 324 East Tenth Street
> Post Office Box 1270
> Bowling Green, Kentucky 42102-1270
> Telephone: (270) 782-3938
> Facsimile: (270) 781-4737
> Email: bachert@hbmfirm.com
>
> /s/ Scott A. Bachert
> SCOTT A. BACHERT
> STEPHANIE MCGEHEE-SHACKLETTE

Certificate of Service:

This is to certify that on this day, January 6, 2011, a true and correct copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all ECF users in this case, and sent via US Mail, first class postage prepaid, addressed to those listed on the attached exhibit and as follows:

Hon. Joseph J. Golden
Asst. U.S. Trustee
601 West Broadway; Ste. 512
Louisville, KY 40202

/s/ Scott A. Bachert
SCOTT A. BACHERT
STEPHANIE MCGEHEE-SHACKLETTE

Robert Zadek
Buchalter Nemer
333 Market Street; 25th Fl
San Francisco, CA 94105-2126

John Majors
Morgan & Pottinger
601 W. Main Street
Louisville, KY 40202-2976

Scheduled Creditors listed in Certificate of Service Exhibit attached hereto.